IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID RAY SUMMERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 17-348 |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed his applications alleging disability since July 9, 2011. (ECF No. 9-6, p. 15). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on July 21, 2015. (ECF No. 9-3). On August 17, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 15-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 16). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred by improperly disregarding the medical opinion of his treating physician and examining healthcare providers. (ECF No. 14, pp. 11-16). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give

that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff argues that the ALJ improperly "rejected" the reports of Dr. Nallathambi's office and the opinion of Dr. Uran. (ECF No. 14, pp. 14-15). To begin with, Plaintiff suggests that the ALJ "disregarded" Dr. Nallathambi's opinion. *Id.*, at p. 14. A review of the record reveals that this is an incorrect statement. The ALJ did not disregard Dr. Nallathambi's opinion. Rather, he specifically referenced Dr. Nallathambi's opinion and gave it partial weight as it appeared to exaggerate Plaintiff's actual physical symptoms. (ECF No. 9-2, pp. 24-24). In so doing, the ALJ

set forth in detail his reasons for doing so (internal inconsistency and inconsistent with other objective evidence or record). *Id.* Consistency is a valid and acceptable reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Thus, I find no error in this regard.

Plaintiff suggests that the ALJ also mischaracterized the medical records. (ECF No. 14, p. 14). In particular, Plaintiff points to the following statement by the ALJ: "the undersigned draws attention to the claimant's testimony that he has never required back surgery, injections, or physical therapy in years." *Id.*; ECF No. 9-2, p. 25. After a review of the record, I find this is not a mischaracterization. There is no question that Plaintiff has not had back surgery and that he has not had injections or physical therapy in years. In fact, even the records cited by Plaintiff were from 2010-2012. (ECF No. 14, p. 14). The ALJ's opinion was in 2015. Consequently, I find the ALJ's statement is not a mischaracterization of the evidence.

Plaintiff also takes issue with the ALJ's notation that Plaintiff missed a consultative examination. (ECF No. 14, p. 15). In weighing Dr. Nallathambi's opinion, the ALJ, *inter alia,* compared it to Plaintiff's testimony noting that he failed to attend a previously scheduled consultative exam. (ECF No. 9-2, p. 25; No. 9-4, pp. 38-39). An ALJ may find a claimant not disabled if a claimant does "not have a good reason for failing or refusing to take part in a consultative examination or test which" the ALJ arranges for the claimant to get information needed to determine the claim. 20 C.F.R. §416.918(a). Based on the evidence, the statement that Plaintiff missed a consultative exam is correct. Therefore, I find no error in this regard.

Plaintiff also appears to argue that the ALJ erred in failing to address three forms filled out by his health care providers "indicating the Plaintiff was permanently disabled," as well as office notes that state "Plaintiff is disabled." (ECF No. 14, pp. 11-13). Such ultimate questions of disability are reserved solely for the ALJ, just as the ALJ noted in reference to the Department of Public Welfare Employability Assessment forms. ECF No. 9-2, p. 25; 20 C.F.R. §404.1527*,*

416.927. Thus, the ALJ was not required to give such opinion any weight. Therefore, I find no error in this regard.

With regard to Dr. Uran, Plaintiff summarily concludes, without reference to any specific basis, that the ALJ erred in discounting her opinion that "Plaintiff had marked impairment in many areas and would miss work due to agoraphobia." (ECF No. 14, p. 15). I find Plaintiff's argument to be underdeveloped and insufficient to put the issue before me.

Plaintiff also suggests that the ALJ incorrectly stated that Plaintiff was "'not entirely forthright about his history as he told Dr. Uran that he last used alcohol in 1992.'" (ECF No. 14, p. 15, *citing*, No. 9-2, p. 24). Plaintiff suggests that a review of Dr. Uran's records reveals that he reported that he last consumed alcohol two weeks prior to the exam. (ECF No. 14, p. 15). Actually, the ALJ stated: "Moreover, it was clear that the claimant was not entirely forthright about his by [sic] history as he told Dr. Uran that he last used alcohol in 1992 when the record reflects hospitalization for alcohol detox as recently as 2011." (ECF No. 9-2, p. 24). With regard to Plaintiff's alcohol use, Dr. Uran's report states as follows:

> At age 13, David began consuming alcohol once to twice weekly when young and increasing to four times weekly in his 20's, quitting alcohol for two years, then once or twice weekly (one of the nights to intoxication), saying he last abused alcohol in 1992. He las consumed alcohol two weeks ago.

(ECF No. 9-13, p. 30). My review of the above leads me to conclude that there is a typographical error in the opinion of the ALJ. Given the explanation about hospitalization for alcohol in 2011, the word "used" should have been "abused." Furthermore, this was not the only reason the ALJ discounted Dr. Uran's opinion and Plaintiff fails to demonstrate how this alleged error would have changed the outcome of the opinion. *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009). Consequently, I find no merit to this argument.

Additionally, Plaintiff summarily concludes that the ALJ "should have given substantial weight to the reports from Dr. Nallathambi's office and the report of Dr. Uran since they were clearly supported by all the other evidence of record. Each of these reports supports the

conclusion that Plaintiff is disabled." (ECF No. 14, pp. 15-16). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

Consequently, remand is not warranted on this basis.

### C. Residual Functional Capacity ("RFC") [2]

Plaintiff also argues that the ALJ improperly determined his RFC. (ECF No. 14, pp. 16-17). To that end, Plaintiff argues that there is substantial evidence to support his position that he is not physically able to perform the work set forth in the ALJ's RFC finding. (ECF No. 14, p. 17). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is completely misplaced. Nonetheless, I have reviewed the evidence of record and, based on the same, I find there is substantial evidence to support the RFC determination. *See,* ECF No. 9-2, pp. 15-28. Consequently, remand is not warranted on this basis.

### D. Vocational Expert

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 14, p. 17). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with certain exceptions. (ECF No. 9-2, p. 21).

impairments. (ECF No. 9-2, pp. 15-28; No. 9-3, pp. 33-39). Consequently, I find no error in this regard.

### E.    Complaints of Pain

Finally, Plaintiff argues in this section that the ALJ erred by improperly evaluating Plaintiff's subjective complaints of pain and discrediting Plaintiff's complaints of pain. (ECF No. 14, pp. 18-19). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method in evaluating Plaintiff's complaints of pain. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 9-2, pp. 15-28). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 9-2, pp. 15-28). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID RAY SUMMERS, )
                                       )
         Plaintiff, )
                                         )
     -vs- )            Civil Action No. 17-348
                                         )
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
                                         )
         Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 13) is denied and Defendant's Motion for Summary Judgment (Docket No. 16) is granted.

                                BY THE COURT:

                                s/ Donetta W. Ambrose
                                Donetta W. Ambrose
                                United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.